IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ANTONIO ORTIZ HERRERA, and )<br>JUAN CITLACIC DE LUNA )<br>)<br>    Defendants. ) | Case No. CR-22-233-SLP |

**O R D E R**

Before the Court are the Motion for Severance from Codefendants and Memorandum in Support [Doc. No. 172] filed by Juan Citlacic De Luna, and the Motion for Severance and Memorandum in Support [Doc. No. 173] filed by Defendant Antonio Ortiz Herrera.[1] The Government has responded, *see* [Doc. No. 188], and the Motions are now at issue.

**I.   Background**

The Superseding Indictment charges Defendant Ortiz with drug conspiracy (Count 1), possession of methamphetamine with intent to distribute (Counts 3 and 13), possession of cocaine with intent to distribute (Counts 5 and 14), distribution of methamphetamine (Counts 6, 8, and 9), manufacture of methamphetamine (Count 11), and maintaining a

---

[1] Defendants Cesar Cecilio Perez Rubio and Victoriano Neri Hernandez also filed motions to sever. *See* [Doc. Nos. 167, 170]. Because both of those defendants have now entered guilty pleas, *see* Minute Entries [Doc. Nos. 278, 319], those motions are moot.

drug-involved premises (Count 15).[2]  Defendant De Luna was charged with drug conspiracy (Count 1), distribution of methamphetamine (Count 9), manufacture of methamphetamine (Count 11), and maintaining a drug-involved premises (Count 16).  *See* Superseding Indictment [Doc. No. 175].

## II.  Legal Standard

Federal Rule of Criminal Procedure 8(b) permits an indictment to charge multiple defendants who "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  The rule "embodies a 'preference in the federal system for joint trials of defendants who are indicted together.'"  *United States v. Clark*, 717 F.3d 790, 817 (10th Cir. 2013) (quoting *United States v. Pursley*, 577 F.3d 1204, 1215 (10th Cir. 2009)).  And in conspiracy cases, courts "indulge a presumption that co-conspirators . . . should be tried together."  *Id.*

Even when defendants are properly joined, however, courts have discretion to sever the trials of one or more defendants if joinder "appears to prejudice a defendant or the government."  Fed. R. Crim. P. 14(a).  But "[p]rejudice for Rule 14(a) purposes means 'actual prejudice.'"  *Clark*, 717 F.3d at 818 (quoting *United States v. Caldwell*, 560 F.3d 1214, 1221 (10th Cir. 2009)).  Under this standard, a district court should grant a severance "only if there is a serious risk that a joint trial would compromise a specific trial right of

---

[2] Though the instant motions were directed at the original Indictment [Doc. No. 84], the Court "consider[s] the pretrial motions filed by the defendants as directed at the superseding indictment because the superseding indictment has not changed any of the issues raised by the defendants in their motions."  *United States v. Molina*, No. 09-40041-01-10-RDR, 2010 WL 2346393, at *2 (D. Kan. June 9, 2010).

2

one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). "Inasmuch as severance is a matter of discretion and not of right, the defendant must bear a heavy burden of showing real prejudice to his case." *United States v. Hall*, 473 F.3d 1295, 1302 (10th Cir. 2007) (quoting *United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir.1984)). In determining whether severance is proper, "the district court has a duty to weigh the prejudice resulting from a single trial of counts against the expense and inconvenience of separate trials." *United States v. Janus Indus.*, 48 F.3d 1548, 1557 (10th Cir. 1995) (quoting *United States v. Hollis*, 971 F.2d 1441, 1456 (10th Cir. 1992)).

### III. Discussion

Neither defendant alleges that joinder is improper under Rule 8(b).[3] Instead, they move to sever their trials pursuant to Rule 14. In support of their motions, Defendants Ortiz and De Luna ("Defendants") proffer the same three arguments: (1) the risk of "spillover prejudice [] will prevent the jury from giving individualized, objective consideration" to each defendant's case; (2) they intend to present mutually antagonistic defenses; and (3) the anticipated use of co-conspirator statements will violate their Sixth

---

[3] The Court is satisfied that Defendants are properly joined under Rule 8(b) as they are charged in connection with the same conspiracy. *See Clark*, 717 F.3d at 817 (articulating "presumption that co-conspirators in a conspiracy trial should be tried together"); *Janus Indus.*, 48 F.3d at 1557 (10th Cir. 1995) ("Rule 8 is construed broadly to allow liberal joinder to enhance the efficiency of the judicial system." (quotation omitted)).

Amendment rights. [Doc. No. 172] at 3; [Doc. No. 173] at 3. Because Defendants' motions are nearly identical, the Court addresses them in tandem.

### A.     Spillover Prejudice

First, Defendants argue "there is a distinct danger of the type of spillover prejudice that will prevent the jury from giving individualized, objective consideration to the strengths and weaknesses of the case against [each] particular defendant." [Doc. No. 172] at 3; [Doc. No. 173] at 3. But "neither 'a mere allegation that defendant would have a better chance of acquittal in a separate trial' nor an argument that evidence against one defendant would have a 'spillover effect' on another defendant demonstrates prejudice." *Clark*, 717 F.3d at 818 (quoting *United States v. Jones*, 530 F.3d 1292, 1303 (10th Cir. 2008)). Instead, severance is only appropriate when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

In wholly conclusory fashion, Defendants argue a jury "will be unable to properly segregate the evidence" and unable to "reliably determine whether" Defendant Ortiz and Defendant De Luna are "guilty or not guilty of being involved in the charged conspiracy and the substantive count[s] in which [each defendant] is charged." [Doc. No. 172] at 3; *see also* [Doc. No. 173] at 3–4. Though Defendants argue that "[l]imiting instructions cannot cure the unfair prejudice stemming from evidence against co-defendants which has little or nothing to do with" Defendant Ortiz and Defendant De Luna, they provide no further reasoning as to why this is the case. [Doc. No. 172] at 3; [Doc. No. 173] at 4.

Accordingly, Defendants have failed to establish that severance is warranted based on the danger of spillover prejudice.

### B.   Mutually Antagonistic Defenses

Defendants next argue that severance is appropriate based on their mutually antagonistic defenses. Severance on these grounds is warranted only when defenses are "so antagonistic that they are mutually exclusive." *Jones*, 530 at 1304 (quoting *United States v. Pursley*, 474 F.3d 757, 765 (10th Cir. 2007)) (articulating three-step analysis). "Defenses are mutually antagonistic if 'the conflict between codefendants' defenses [is] such that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other.'" *Pursley*, 474 F.3d 757 (quoting *United States v. Linn*, 31 F.3d 987, 992 (10th Cir. 1994)) (alteration in original).

Defendant Ortiz and Defendant De Luna each intend to argue they were "not involved in the charged conspiracy," and that the charged "offenses were committed by others." [Doc. No. 172] at 6; [Doc. No. 173] at 6. These defenses "are not so contradictory that the jury must [] necessarily disbelieve[] one to believe another." *Linn*, 31 F.3d at 992. Acceptance of Defendant Ortiz's defense, for example, would not "tend to preclude the acquittal of" Defendant De Luna, nor would "the guilt of one defendant tend[] to establish the innocence of the other." *United States v. Peveto*, 881 F.2d 844, 857 (10th Cir. 1989); *cf. Linn*, 31 F.3d at 992 (finding severance unnecessary where defenses were "no more than

finger pointing" and "[t]he jury could have believed all of Defendants' theories and acquitted all of them"). Accordingly, severance is not warranted on these grounds.

### C. Co-Conspirator Statements

Finally, Defendant Ortiz and Defendant De Luna argue that severance is proper because the Government may "introduce co-conspirator statements or hearsay which does not relate to [them], and which [they] will be unable to effectively confront or cross examine." [Doc. No. 172] at 6; *see also* [Doc. No. 173] at 6–7. Defendants argue this testimony "will result in the denial of [their] Sixth Amendment right to confront witnesses against [them]." [Doc. No. 172] at 6; [Doc. No. 173] at 7. The Government contends "[t]he premise underlying this argument is faulty" because co-conspirator statements made in furtherance of a conspiracy are neither hearsay nor testimonial statements that implicate the Confrontation Clause. [Doc. No. 188] at 11 (first citing Fed. R. Evid. 801(d)(2)(E); and then citing *United States v. Patterson*, 713 F.3d 1237, 1247 (10th Cir. 2013)). At this stage, neither defendant has presented any indication of anticipated testimony that would violate his rights.[4] Accordingly, there is no basis to order separate trials to preserve Defendants' rights under the Confrontation Clause. *See Clark*, 717 F.3d at 815–17.

### IV. Conclusion

Defendants have failed to meet their burden to show severance is warranted under Rule 14. In reaching this conclusion, the Court has considered both the risk of prejudice to Defendants, as well as "the prejudice resulting from a single trial of counts against the

---

[4] Both Defendants have also requested a James hearing, see [Doc. Nos. 224, 228], which is scheduled for July 26, 2023, see [Doc. No. 318].

expense and inconvenience of separate trials." *Janus Indus.*, 48 F.3d at 1557 (quoting *Hollis*, 971 F.2d at 1456). The Court is mindful of its "continuing duty at all stages of the trial to grant a severance if prejudice does appear." *Peveto*, 881 F.2d at 857 (citation omitted). On the current record, however, the allegations of anticipated prejudice are wholly speculative.

IT IS THEREFORE ORDERED that Juan Citlacic De Luna's Motion for Severance from Codefendants and Memorandum in Support [Doc. No. 172] and Antonio Ortiz Herrera's Motion for Severance and Memorandum in Support [Doc. No. 173] are DENIED.

IT IS SO ORDERED this 13th day of July, 2023.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE