## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-22-233-SLP |
| | ) |
| ANTONIO ORTIZ HERRERA, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Defendant's pro se Motion for Reduction of Sentence [Doc. No. 508]. Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.). The Government has filed a Response [Doc. No. 511] and opposes the requested relief. Defendant filed a Reply [Doc. No. 514]. The Court has further reviewed the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 [Doc. No. 509]. For the reasons that follow, Defendant's Motion to Reduce Sentence is DISMISSED.

**I.     Background**

On July 25, 2023, Defendant pleaded guilty to conspiracy to possess with intent to distribute, in violation of 21 U.S.C. § 846. *See* Doc. Nos. 175, 341–45. On January 16, 2024, the United States Probation Office filed its Final Presentence Investigation Report (PSR). Doc. No. 437.

The PSR calculated a base offense level of 38, plus a two-level increase because the methamphetamine involved in the conspiracy was imported from Mexico. PSR ¶¶ 59–60.

An additional two-level increase resulted because Defendant maintained a premises for the purposes of manufacturing or distributing a controlled substance. *Id.* ¶ 61. The PSR also included a four-point enhancement because Defendant was an organizer or leader of the drug trafficking organization. *Id.* ¶ 63. This resulted in an adjusted offense level of 46. *Id.* ¶ 65. After applying the three-level reduction for acceptance of responsibility, the PSR calculated a total offense level of 43. *Id.* ¶¶ 67–69.

The PSR calculated a total criminal history score of zero for Defendant, placing him in a criminal history category of I. *Id.* ¶¶ 72–73. Combining Defendant's total offense level of 43 and criminal history category of I, the PSR calculated a guideline imprisonment range of life. *Id.* ¶ 93.

On April 24, 2024, the Court adopted the PSR without change and sentenced Defendant to 264 months' imprisonment. Docs. No. 502–503.

On July 23, 2024, Defendant filed the pending Motion. He seeks a reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 on grounds that he is a zero-point offender.

II.  **Standard**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). One source of statutory authorization is section 3582 which allows for a possible reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

2

Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

Here, Defendant seeks a sentence reduction pursuant to Amendment 821 to the U.S.S.G. which took effect on November 1, 2023, and applies retroactively. Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." *See* U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023). With respect to the guideline for zero-point offenders, a defendant is eligible for a two-level reduction in his offense level if he or she meets all ten of the listed criteria.[1]

---

[1] Those ten criteria are:
    (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
    (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
    (3) the defendant did not use violence or credible threats of violence in connection with the offense;
    (4) the offense did not result in death or serious bodily injury;
    (5) the instant offense of conviction is not a sex offense;
    (6) the defendant did not personally cause substantial financial hardship;

### III. <u>Analysis</u>

Because Defendant has zero criminal history points, he contends he is a zero-point offender entitled to a decrease in two offense levels. But Defendant was sentenced in April 2024—several months after Amendment 821 took effect. Thus, he would have had the benefit of being a zero-point offender at his sentencing, had he been eligible. In any event, Defendant is not eligible as a zero-point offender because he fails to meet all ten eligibility criteria. Specifically, Defendant fails to meet U.S.S.G. § 4C1.1(a)(10). As set forth in the PSR, Defendant received a four-point enhancement under U.S.S.G. §3B1.1(a) for having an aggravated role in the offense.[2] *See* PSR ¶ 63. A sentence reduction, therefore, is not authorized under 18 U.S.C. § 3582(c)(2) and Amendment 821. Accordingly, the Court

---

> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . .

U.S.S.G. § 4C1.1(a).

[2] In Reply, Defendant contends U.S.S.G. § 4C1.1(a)(10) is inapplicable to him because he did not also "engage[] in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." *See* [Doc. No. 514] at 1. But "[e]very court thus far has rejected th[is] argument." *United States v. Arroyo-Mata*, No. 1:09-CR-13-TCB, 2024 WL 1367796, at *2 (N.D. Ga. Apr. 1, 2024) (citing cases); *see also United States v. Medina-Laveaga*, No. 16-20114-JAR-1, 2024 WL 4345825, at *2 n.13 (D. Kan. Sept. 30, 2024) (recognizing that "the Tenth Circuit has not addressed this issue" but "agree[ing] with other courts in this district that have interpreted § 4C1.1(a)(10) to exclude any defendant who *either* had an aggravating role enhancement or engaged in a continuing criminal enterprise").

lacks jurisdiction to reduce Defendant's sentence. *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion.").

IT IS THEREFORE ORDERED that Defendant's Motion for Reduction of Sentence [Doc. No. 508] is DISMISSED.

IT IS SO ORDERED this 25th day of October, 2024.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE