**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. CR-22-233-SLP |
| | ) |
| ANTONIO ORTIZ HERRERA, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Defendant's pro se Motion for Reduction of Sentence [Doc. No. 527]. Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines (U.S.S.G.). The Government has filed a Response [Doc. No. 529] and opposes the requested relief. For the reasons that follow, Defendant's Motion to Reduce Sentence is DISMISSED.

## I.    Background

On July 25, 2023, Defendant pleaded guilty to conspiracy to possess with intent to distribute, in violation of 21 U.S.C. § 846. *See* [Doc. Nos. 175, 341–45]. On January 16, 2024, the United States Probation Office filed its Final Presentence Investigation Report (PSR). [Doc. No. 437].

The PSR calculated a base offense level of 38, plus a two-level increase because the methamphetamine involved in the conspiracy was imported from Mexico. PSR ¶¶ 59–60. An additional two-level increase resulted because Defendant maintained a premises for the purposes of manufacturing or distributing a controlled substance. *Id.* ¶ 61. The PSR also

included a four-point enhancement because Defendant was an organizer or leader of the drug trafficking organization. *Id.* ¶ 63. This resulted in an adjusted offense level of 46. *Id*. ¶ 65. After applying the three-level reduction for acceptance of responsibility, the PSR calculated a total offense level of 43. *Id*. ¶¶ 67–69.

The PSR calculated a total criminal history score of zero for Defendant, placing him in a criminal history category of I. *Id*. ¶¶ 72–73. Combining Defendant's total offense level of 43 and criminal history category of I, the PSR calculated a guideline imprisonment range of life. *Id.* ¶ 93. On April 24, 2024, the Court adopted the PSR without change and sentenced Defendant to 264 months' imprisonment. [Docs. No. 502–503].

Defendant did not file a direct appeal. He did, however, file a Motion to Reduce Sentence pursuant to Amendment 821. [Doc. No. 523]. The Court dismissed that motion on the grounds that Defendant was ineligible for reduction under Amendment 821, in part, because he was sentenced after Amendment 821 took effect. [Doc. No. 516]. Thus, Defendant "would have had the benefit of being a zero-point offender at his sentencing, had he been eligible." *Id.* at 4. The Tenth Circuit affirmed that Order. *See United States v. Herrera*, No. 24-6236, 2025 WL 1005962 (10th Cir. Apr. 1, 2025).

On May 13, 2025, Defendant filed the pending Motion. He seeks a reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782.

II.    **Standard**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). One source of statutory authorization is section 3582

which allows for a possible reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

Here, Defendant seeks a sentence reduction pursuant to Amendment 782 to the U.S.S.G. which took effect in November 2014. Commonly referred to as the "Drugs Minus Two Amendment," Amendment 782 reduced the base offense levels assigned by the Drug Quantity Table by two levels. *See* U.S. Sent'g Guidelines Manual app. C Supp., amend. 782 (U.S. Sent'g Comm'n 2024). However, like his previous request for reduction under Amendment 821, Defendant is also ineligible for a reduction under Amendment 782 because his sentencing took place in April 2024—nearly 10 years after Amendment 782 took effect. Thus, Defendant would have already received any benefit that Amendment 782 would offer. A sentence reduction, therefore, is not authorized under 18 U.S.C. § 3582(c)(2) and Amendment 782. Accordingly, the Court lacks jurisdiction to reduce

Defendant's sentence.[1] *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion.").

IT IS THEREFORE ORDERED that Defendant's Motion for Reduction of Sentence [Doc. No. 527] is DISMISSED.

IT IS SO ORDERED this 26th day of June, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[1] The Court finds that Defendant's remaining arguments (including, in part, arguments related to the Court's drug quantity findings and Rule 11(c)(1)(C)) are outside the scope of the Court's analysis under § 3582(c)(2). *Dillon*, 560 U.S. at 826.